# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-00018-RJC

| | |
|---|---|
| In re: ) | |
| ) | |
| **WELLESLEY K. CLAYTON,** ) | |
| ) | |
| Debtor. ) | |
| _____ ) | **ORDER** |
| ) | |
| **WELLESLEY K. CLAYTON,** ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| **M&T BANK,** ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Appellant's "Motion to Reconsider Re-opening of Chapter 11 and Quash Service and Vacate Default."[1] (Doc. No. 7).

Appellant Wellesley K. Clayton ("Appellant") filed his Notice of Appeal from an order entered in Bankruptcy Case number 15-30573 on January 7, 2016. (Bankr. Case No. 15-30573, Doc. No. 162). His appeal sought review of an order entered on December 18, 2015, in Appellant's bankruptcy case. (Bankr. Case No. 15-30573, Doc. No. 161). The Court found that Appellant failed to file his appeal within the statutory time period allowed. (Doc. No. 5). Therefore, the Court lacked jurisdiction to review the Bankruptcy Court's order, and Appellant's appeal was dismissed on January 20, 2016. (Id.).

---

[1] The Court notes that Appellant filed this identical motion in another case that had been closed and that involves the same parties. (No. 3:15-cv-347-RJC, Doc. No. 12). That motion was denied.

Although not specified, Appellant's Motion is treated as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). A party seeking relief under Rule 60(b) must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, <u>and</u> exceptional circumstances. <u>Werner v. Carbo</u>, 731 F.2d 204, 206–07 (4th Cir. 1984). Appellant's only basis for his motion is that he did not receive the Court's Orders.[2] As discussed in the Court's previous Order denying Appellant's Motion to Reopen in his related case, (No. 3:15-cv-347-RJC, Doc. No. 11), a claim of not receiving notice does not satisfy Rule 60. <u>Wilson v. Thompson</u>, 138 F. App'x 556, 557 (4th Cir. 2005). Furthermore, the Court has already determined that it lacks jurisdiction to hear this appeal. (Doc. No. 5). Accordingly, the Court finds that Appellant has failed to present any meritorious defense or exceptional circumstances. Therefore, Appellant has not made the requisite showing that he is entitled to relief pursuant to Rule 60(b), and his Motion must be **denied**.

**IT IS, THEREFORE, ORDERED** that Appellant's "Motion to Reconsider Re-opening of Chapter 11 and Quash Service and Vacate Default," (Doc. No. 7), is **DENIED**. This matter remains closed, and Appellant is warned that any further frivolous filings in this case or any related case[3] may result in sanctions being imposed against him.

Signed: May 20, 2016

_____
Robert J. Conrad, Jr.
United States District Judge

---

[2] Appellant fails to specify what Order or Orders he did not receive; however, the distinction is of no consequence as the Court lacks jurisdiction to review this appeal.

[3] The related cases include, but are not limited to, <u>In re Clayton</u>, No. 3:15-cv-347-RJC.